———o———

SOUTH PACIFIC R. R. Co., Appellant, *vs.* LACLEDE COUNTY, Respondent.

1. *Railroads—Atl. & Pac. R. R.—Taxation—Act of Dec. 25, 1852, a contract.—* The twelfth section of the act of Dec. 25th, 1852, and its acceptance by the Pacific Railroad, were a contract between the State and that company binding the state, and for two years after its completion exempted that road from taxation, no dividend being declared in the meantime ; and the same principle governs as to taxation of what is denominated as the South West Branch Railroad. (See decision in Pacific R. R. Co. v. Maguire, Wall. U. S. Sup. Ct. R.)

*Appeal from Laclede Circuit Court.*

*Baker & Litton,* for Appellant.

*N. H. Dale, P. P. Bland and G. W. Bradfield,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

In this case, at the last term of this court, a conclusion was reached by a majority of the court, and I prepared a very full statement of the facts, and an opinion upon all the points they were supposed to involve, but it having been suggested upon consultation, that a case involving the same question was then pending before the Supreme Court of the United States, and would be decided at an early day, it was thought best to defer any judgment until this decision was ascertained. For the question involved being in regard to the validity of an exemption from taxation, for two years, in the Pacific Railroad charter, its decision by this court, unless favorable to the exemption, would have been subject to reversal by the Supreme Court of the United States. The case of Pacific Railroad Co. vs. Maguire, now reported in the newspapers, has determined the point and settled the question, so far as the two years exemption is concerned; and the railroad company and the present owners do not claim any exemption since the expiration of the two years after its completion. Therefore it is useless to encumber our reports with a detailed investigation of the points already settled by the highest judicial tribunal having cognizance of the case, and we simply refer to this case as determining the present and three other cases, now pending in this court.

With the concurrence of all the judges, the judgment below must be reversed.